Matthew S. Moses Esq. Informal Opinion No. 99-34 Counsel Town of Manlius Hiscock Barclay P. O. Box 4878 Syracuse, New York 13221-4878
Dear Mr. Moses:
You have asked whether a police officer in the Town of Manlius Police Department may serve as a Village Trustee for the Village of Manlius. The Village Attorney has joined in your request for an opinion.
In the absence of a constitutional or statutory prohibition against dual office holding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court of Appeals held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss," a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the compatibility requirement equally covers a public office and a position of employment as well as two positions of public employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions with respect to particular matters. The conflict may be avoided by declining to participate in the disposition of the particular matter.
We conclude that a Town police officer may serve on the Village Board of Trustees. In prior opinions we found that these two positions are not incompatible. Inf. Op. 94-18; 1974 Op Atty Gen 79 (Inf). We reasoned that one position is not subordinate to the other because they are in two separate municipalities. There is no conflict of duties because the village trustees serve a legislative function that is separate from the law enforcement duties of police officers.
The same rationale applies here, even though the structure of the Town's Police Department is unique. You have advised us that the Department was created pursuant to an intermunicipal agreement among the Town, the Village and two other villages. See, General Municipal Law Article 5-G. All three villages are located entirely within the Town. You have further informed us that the Department is governed by a Police Committee, which is composed of one representative from each of the three village boards and two representatives from the Town Board. Each representative of the Police Committee is selected by a majority of the board making the appointment. Among other things, the Police Committee sets Department policy, submits a budget for Town Board approval, oversees personnel and approves purchases and contracts. Funding for the Department comes from the Town's general fund, which is generated from Town-wide taxes.
Because the Village Board of Trustees has no direct control over the operation of the Police Department, we find that the positions are compatible. As you note, the police officer should not serve as the Village Board's representative on the Police Committee. The officer also should recuse himself from discussing or voting on any issues relating to the Police Department that come before the Village Board. Similarly, if a disciplinary matter involving the officer should come before the Police Committee, the Committee representative from the Manlius Village Board should recuse him or herself.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY, Assistant Solicitor General